**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**PRIMERA MARITIME (HELLAS) LIMITED,**
**ASTRA FINANCE INC. and COMET FINANCE**
**INC.,**                                           **08 Civ. 11299 (JGK)**

                Plaintiffs,          **MEMORANDUM OPINION AND**
                                                    **ORDER**
      - against -

**JIANGSU EASTERN HEAVY INDUSTRY CO. LTD.**
**and NINGBO NINSHING INTERNATIONAL INC.,**

                Defendants.
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

The plaintiffs, purchasers in two contracts for the construction and sale of ships, allege that the contracts were breached and request the attachment and garnishment of up to $26,550,000 of the defendants' assets pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

I

The facts alleged in the plaintiffs' Verified Complaint are as follows. Pursuant to two substantially identical Memoranda of Agreement (the "MOAs") dated December 1, 2006 and July 2007, the defendants agreed to build and sell to the plaintiffs, and the plaintiffs agreed to purchase from the defendants, two 80,000 deadweight ton bulk cargo vessels at a price of

1

$40,250,000.  The defendants warranted, among other things, that they had commitments from an engine supplier for the engines for the two ships, for which they had placed deposits, and for which they demanded and received from the plaintiffs deposits of $250,000 per ship.  The defendants subsequently admitted that they had no commitments from any engine supplier, and further represented that the availability of the engines was delayed and that the price of the engines had increased.  The defendants demanded increased payments from the plaintiffs that were contrary to the terms of the MOAs.  They also informed the plaintiffs that the delivery of the ships would be delayed beyond the delivery dates specified in the MOAs, and that there would be delays in providing refund guarantees.  (See Compl. ¶¶ 5-7.)

    The plaintiffs refused to agree to the defendants' demands for increased payments or to the delays in the delivery of the ships and the refund guarantees.  The plaintiffs demanded that the defendants agree to provide the ships on the terms previously agreed to in the MOAs.  When the defendants failed to do so, the MOAs were terminated.  The plaintiffs allege that they have sustained damages in the total amount of $23,500,000 as a result of the defendants' breach of the MOAs.  (See Compl. ¶¶ 8-10.)

The MOAs provide for the application of English law and London arbitration.  The plaintiffs have commenced arbitration proceedings in London, and have brought this action to obtain jurisdiction over the defendants and to obtain security with respect to their claims against the defendants related to the MOAs and in aid of the London proceedings.  This action is further brought to obtain security for additional sums to cover the plaintiffs' anticipated attorney fees, arbitrator fees, and costs in the London arbitration and interest.

II

In order to obtain an attachment, apart from satisfying the filing and service requirements of Rules B and E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, a plaintiff bears the burden of showing that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment."  Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 460 F.3d 434, 445 (2d Cir. 2006); Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006).

Irrespective of whether the plaintiffs have satisfied the other requirements set forth in Aqua Stoli, they have not shown that they have a valid prima facie admiralty claim against the defendants.

The plaintiffs concede that prior to 2004, it was "received wisdom" that contracts for the sale of ships were not within the maritime jurisdiction. Indeed, it was considered "elementary hornbook law that a contract for the sale of a vessel is not within the admiralty jurisdiction of the district courts." Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 675 F. Supp. 146, 150 (S.D.N.Y. 1987), aff'd 875 F.2d 388 (2d Cir. 1989); see also CTI-Container Leasing Corp. v. Oceanic Operations Corp., 682 F.2d 377, 380 n.4 (2d Cir. 1982); The Ada, 250 F. 194, 197-98 (2d Cir. 1918) (Rogers, J., concurring). Likewise, it was "well established that a contract to build a ship is not maritime." CTI-Container, 682 F.2d at 380 n.4; see also The Ada, 250 F. at 198 (Rogers, J., concurring). The plaintiffs argue that these well established legal principles were upended in 2004 by Norfolk S. Ry. Co. v. James N. Kirby, Pty. Ltd., 543 U.S. 14 (2004), and by the decision of the Court of Appeals for the Second Circuit in Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307 (2d Cir. 2005).

Neither Kirby nor Folksamerica overturned the well-established precedent in this Circuit that a claim for the

4

breach of a ship construction and sale contract is not within the admiralty jurisdiction of the Court.  See Aggelikos Prostatis Corp. v. Shun Da Shipping Group Ltd. & Zheng Tai Shipping Group Ltd., No. 08 Civ. 9094 (S.D.N.Y. Jan. 30, 2009).

Therefore, the Complaint in this case is not within the admiralty jurisdiction of the Court.  The plaintiff conceded at the conference on the attachment that there is no other basis for subject matter jurisdiction over the Complaint in this case. Therefore, the Complaint must be dismissed because of the lack of subject matter jurisdiction.

## CONCLUSION

For the reasons explained above, the plaintiffs' request for an attachment and garnishment of the defendants' assets is **denied** and the Complaint is dismissed for lack of subject matter jurisdiction.  The Clerk is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated:  New York, New York
        January 30, 2009

                                        _____
                                        John G. Koeltl
                                        United States District Judge

5